BRASELTON *v.* PATRICK, administratrix, *et al.*

There being no evidence, at the conclusion of the introduction of the testimony, that would have authorized a finding in favor of the plaintiff, the court properly awarded a nonsuit.

Argued February 17,—Decided August 12, 1909.

Action on bond. Before Judge Brand. Jackson superior court. February 5, 1908.

*Shackelford & Shackelford, John J. Strickland,* and *C. L. Bryson,* for plaintiff.

*M. D. Irwin* and *J. A. B. Mahaffey,* for defendants.

BECK, J. A. R. Braselton was sheriff of Jackson county, and he appointed R. M. Patrick his deputy, taking from him the bond required by the statute. Inman & Co. placed in the hands of Braselton, or his deputy, a mortgage fi. fa., with instructions to levy the same upon the property therein named and advertise it for

sale. The levy was made, but the property was not advertised for sale at the next term of court. Subsequently to this levy Mrs. Lizzie Brown filed suit upon a purchase-money claim against the defendant in fi. fa., based upon a sale of the property under levy. While her suit was pending, she applied to the superior court for a receiver to take charge of the defendant's property, collect the rents and profits, and to sell the same after duly advertising. The court appointed Patrick, deputy sheriff, such receiver. Sometime after this appointment was made, and after Mrs. Brown's claim had been sued to judgment, the court passed an order directing the receiver to advertise and sell the property, and further directing how the proceeds should be distributed. Subsequently the court passed the following order: "It is ordered by the court that the receiver do not pay out the fund as directed in the foregoing decree, but that he return the funds to the next term of this court, to be distributed as to priorities of all parties who may become interested. It is further ordered that the right to proceed with any legal liens or fi. fas. that may be in his hands as sheriff is not enjoined, and that the decree in so far as is provided for distribution be amended by striking the same. Ordered further that if the property is sold under a fi. fa., the funds shall likewise be brought into court at the next term of this court to be distributed as to priorities of whatever claims may become interested." Patrick proceeded to advertise the property for sale as receiver. On the day of the sale, but before the sale was made, the attorney for Inman & Co. made written demand upon Patrick for the proceeds of the sale, in satisfaction of Inman & Co.'s fi. fa., whether the sale was made by him as receiver or as sheriff. Patrick made the sale as receiver, and upon demand of Inman's attorney he refused to turn over to him the proceeds. Inman & Co. obtained a rule absolute against Braselton, sheriff, from the superior court, and a judgment against him and Mrs. Patrick, as administratrix of her then deceased husband. Braselton paid the judgment of Inman & Co., took a transfer of it to himself, and brought suit on Patrick's bond against Mrs. Patrick, administratrix, and the sureties on the bond. Upon the trial it was shown that the property was sold under the receivership, and not by Patrick as deputy sheriff, and that the sale was thus made with the knowledge and consent of Braselton, who, by agreement of the parties, actually

conducted the sale himself, on account of the absence of Patrick. The court granted a nonsuit.

As appears from the record, it was agreed that if the sureties upon the bond of Patrick, the deputy sheriff, were not liable, Mrs. Patrick, as administratrix of her deceased husband, should not be held liable. Consequently, when the motion for a nonsuit was made, the only question for the court to consider was whether those sureties were entitled to a judgment of nonsuit; and we are of opinion that the court was right in holding that the nonsuit should be awarded as to them. It appears from the pleadings and the uncontroverted evidence in the case, that while Braselton's deputy sheriff was at liberty, under the last order set forth in the statement of facts, to proceed to enforce the lien of the mortgage fi. fa. of Inman & Co. against the property described therein, and which was in his hands as receiver, he went forward as receiver and in that character had the property sold, and in all this he was countenanced and aided by Braselton himself, who, with full knowledge of the facts, actually cried off and sold this property, knowing that Patrick as receiver would collect the proceeds of the sale; and we do not think that now, having thus actively participated in the course of dealing with this property which put the funds arising from the sale in the hands of Patrick as receiver, he will be heard, in a suit against the sureties on Patrick's bond as deputy sheriff, to insist that Patrick's failure to account for and pay over the proceeds to him, or to the plaintiff in the mortgage fi. fa., was such a breach of Patrick's official duties as deputy sheriff as will render his bondsmen liable at the suit of the sheriff. Quite a different question would be presented for decision if this were a suit of Inman & Co., the plaintiffs in the mortgage fi. fa.; but the claim of Inman & Co. had been satisfied and discharged by Braselton himself, under a judgment in a former proceeding. It was the duty of Patrick to have promptly proceeded, under the order last referred to, to make the money out of the property by a sale under the fi. fa. in favor of Inman & Co. The rights and priorities of the lien of the plaintiff in that fi. fa. were so clear that no doubt could have arisen in regard to them in the mind of any one, and the sheriff should never have consented for his deputy to sell the property and receive the proceeds as receiver.

*Judgment affirmed. All the Justices concur.*